# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NEW YORK

TIMOTHY L. MILLER,

                        Plaintiff,

         -vs-

KOHL'S DEPARTMENT STORES, INC..

                    Defendant.

DECISION AND ORDER

17-CV-6081-CJS

## APPEARANCES

For Plaintiff:                    Timothy L. Miller, *pro se*
                                   500 South Ave Apt. #8A
                                   Rochester, New York 14620

For Defendant:                Alvaro Hasani, Esq.
                                   David Edward Strand, Esq.
                                   Kathleen McLeol Caminiti, Esq.
                                   Fisher & Phillips LLP
                                   430 Mountain Avenue
                                   Murray Hill, NJ 07973

## INTRODUCTION

Timothy L. Miller ("Plaintiff") was employed by Kohl's Department Stores, Inc. ("Kohl's") until he resigned. Following an investigation and adjudication by the New York State Division of Human Rights, Plaintiff commenced this action which appears to the Court to be a claim under Title VII, alleging that sexual harassment and retaliation while employed at Kohl's. Compl., Feb. 6, 2017, ECF No. 1. Now before the Court is Kohl's motion for dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6). Notice of Motion, Mar. 2, 2017, ECF No. 5. The application is granted and this action is dismissed.

**BACKGROUND**

In a rambling, stream-of-consciousness complaint, Plaintiff alleges that while employed as a seasonal worker at Kohl's, he experienced "sexual harassment from all ages." Compl. at 1. He also alleges that,

> [w]hat seriously upset me was when I witness [sic] the parents coaching their kids to act nude towards. [sic] One of my employees [sic] Manager Jessica I needed assistance at the kiosk with a married couple between July and August I witness she [sic] asking a customer was I looking at their kids while the same customer kept following me and I watch coach [sic] his kid. On several occasions I experience [sic] parents telling their kids to feel on me or run up to me in [sic] grab my by my legs. This happen [sic] between may in [sic] August. While the customer was standing watching his son grabbing me by my legs as if the young boy new [sic] who I were [sic] I over heard the customer tell his son did you feel anything hard. This happen 2016 [sic] around 3 [sic] before I quit. Since I left kohls [sic] I experience harassment beyond my control. While entering stores like mcdonalds [sic], Family dollar [sic] on Monroe avenue [sic], Downtown, even coming from city hall as I try to talk to the mayor I witness sexual harassment. Before I contact [sic] Monroe division of human rights and the eeoc [sic] I try to resolve these problems by calling local police department in trying to resolve my problems with the mayor who is a relative. The mayor never responded. The mayor is just a mayor in im [sic] quite sure its [sic] not her position that why they have police etc. But imagine you being harass [sic] in your town in you go to the mayor who is a relative. Meaning to tell me this woman who dill [sic] with kids never consider that the above accusation happen [sic] in international business for which the mayor could have contact authorities or the business. I told her I were [sic] being discriminated [sic], harass [sic], sexually harassed. I believe she could have spoken to someone to resolve these false accusations. The mayor never respond in the rumor is that she put me on an illegal investigation. I overheard Orville Dixon stating while shopping at Kohls that lovely[1] have me under investigation. Far as Jermy eeoc investigating didn't investigate anything.

---

[1]The mayor of the City of Rochester is named Lovely Warren.

Compl. at 1–2. The Complaint continues in a similar fashion for another page and includes

attachments of documents showing the administrative complaint and results of the

investigation.

## STANDARD OF LAW

### *Motion to Dismiss*

Defendant has moved to dismiss for failure to state a cause of action. The standard

for the motion is clear:

> Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain
> statement of the claim showing that the pleader is entitled to relief, in order to
> give the defendant fair notice of what the claim is and the grounds upon which
> it rests. While a complaint attacked by a Rule 12(b)(6) motion to dismiss does
> not need detailed factual allegations, a plaintiff's obligation to provide the
> grounds of his entitlement to relief requires more than labels and conclusions,
> and a formulaic recitation of the elements of a cause of action will not do.
> Factual allegations must be enough to raise a right to relief above the
> speculative level, on the assumption that all the allegations in the complaint
> are true (even if doubtful in fact).

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964–65, 167 L. Ed. 2d 929

(2007); *see also, ATSI Communications, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir.

2007 ) ("To survive dismissal, the plaintiff must provide the grounds upon which his claim

rests through factual allegations sufficient 'to raise a right to relief above the speculative

level.'") (*quoting Bell Atl. Corp. v. Twombly*) (footnote omitted).  When applying this

standard, a district court must accept the allegations contained in the complaint as true and

draw all reasonable inferences in favor of the nonmoving party. *Burnette v. Carothers*, 192

F.3d 52, 56 (2d Cir.1999), *cert. denied*, 531 U.S. 1052, 121 S. Ct. 657 (2000).

"While a *pro se* complaint must contain sufficient factual allegations to meet the

plausibility standard, this Court affords *pro se* litigants 'special solicitude' by 'interpreting [a

3

*pro se*] complaint to raise the strongest claims that it suggests.'" *Jackson v. Pfau*, No. 12–324–pr, 523 Fed.Appx. 736, 737, 2013 WL 1338712 at *1 (2d Cir. Apr. 4, 2013) (table) (quoting *Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011) (alterations and quotation marks omitted)).

**Title VII**

"Title VII does not create a general civility code for the American workplace." *Adams v. Festival Fun Parks, LLC*, 560 Fed. Appx. 47, 51 (2d Cir. Mar. 21, 2014) (citation omitted). to plausibly state a claim for hostile work environment discrimination under Title VII, the alleged conduct must be "severe and pervasive":

> [T]o establish a hostile work environment claim under Title VII, a plaintiff is required to provide evidence that his workplace was *permeated* with discriminatory intimidation, ridicule, and insult that is sufficiently *severe or pervasive* to alter the conditions of his employment and create an abusive working environment.

*Wright v. City of Syracuse*, 611 Fed. Appx. 8, 2015 WL 1727169 at *2 (*citing Redd v. New York Div. of Parole*, 678 F.3d 166, 175 (2d Cir.2012)) (emphasis added, internal quotation marks omitted). "The incidents of allegedly offensive conduct must also be more than episodic; they must be sufficiently continuous and concerted in order to be deemed pervasive." *Adams v. Festival Fun Parks, LLC*, 560 Fed. Appx. at 51 (citation omitted). On this point,

> [a] plaintiff must show that a single incident was extraordinarily severe, or that a series of incidents were sufficiently continuous and concerted to have altered the conditions of his working environment. Although a single act can meet this threshold if it transforms the plaintiff's workplace, isolated acts, unless very serious, do not meet the threshold of severity or pervasiveness.

*Chukwuka v. City of New York*, 513 Fed.Appx. 34, 35–36 (2d Cir. Feb. 28, 2013) (citations and internal quotation marks omitted).

Plaintiff's claim arises from allegations that store shoppers sexually harassed him, and that his fellow employees and managers locked him in the store with the alarm turned on, evidently one time. Further, he alleges that the Mayor of the City of Rochester failed to resolve the problems and the investigator with the New York State Division of Human Rights failed to properly investigate his claims. Liberally construing the Complaint, Plaintiff's strongest possible claim is that he suffered a hostile work environment based on his sex.[2] Accordingly, the allegedly discriminatory conduct consisted of: 1) a parent permitting his child to grab Plaintiff's leg and feel it; and 2) harassment experienced on the streets. Nevertheless, Plaintiff's complaint does not link any of the actions complained of to a protected characteristic.

It is clear that Plaintiff was upset by his interactions with a customer's child and with unnamed individuals on the streets of Rochester. However, the Complaint simply fails to allege facts sufficient to support an actionable hostile work environment claim on any basis. Further, nothing in the allegations concerning the store alarm incident even hints at a retaliatory motive for any protected activity undertaken by Plaintiff. Finally, any attempt to raise state law discrimination claims is barred. N.Y. Exec. L. § 297(9) ("No person who has initiated any action in a court of competent jurisdiction or who has an action pending before

---

[2]The Complaint [#1] gives no hint that Plaintiff suffered an "adverse employment action" of the type that would be required to support a typical discrimination claim or retaliation claim. *See, e.g.*, *Talwar v. Staten Island University Hosp.*, 610 Fed. Appx. 28, 2015 WL 2080989 at *1 (2d Cir. May 6, 2015) ("To establish a *prima facie* case of Title VII employment discrimination, a plaintiff must show that (1) she is a member of a protected class (2) who was qualified for the position she held, and (3) *suffered an adverse employment action* (4) under circumstances creating an inference of discrimination.") (emphasis added; citation omitted); *see also, Wright v. City of Syracuse*, 611 Fed. Appx. 8, 2015 WL 1727169 at *2 (2d Cir. Apr. 16, 2015) ("To establish a *prima facie* case of retaliation, a plaintiff must show: "(1) participation in a protected activity; (2) that the defendant knew of the protected activity; (3) *an adverse employment action*; and (4) a causal connection between the protected activity and the adverse employment action.") (emphasis added, citation omitted).

any administrative agency under any other law of the state based upon an act which would be an unlawful discriminatory practice under this article, may file a complaint with respect to the same grievance under this section or under section two hundred ninety-six-a of this article."). Consequently, the Complaint must be dismissed.

The Court is mindful that dismissals under Federal Rule of Civil Procedure 12(b)(6) are usually granted with leave to replead unless the Court determines that such leave would be futile. *See, Stern v. General Elec. Co.*, 924 F.2d 472, 477 (2d Cir.1991) ("[D]ismissals for insufficient pleadings are ordinarily with leave to replead.") (citation omitted); *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir.2007) ("A district court has discretion to deny leave for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party."). A request to replead is futile where the problems with the complaint are substantive, and would not be cured by better pleading. *See, Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) ("The problem with Cuoco's causes of action is substantive; better pleading will not cure it. Repleading would thus be futile. Such a futile request to replead should be denied."). In this action, any attempt to replead would be futile, since the Complaint has already described the alleged discriminatory events, which are insufficient to establish actionable discrimination. "Better pleading" will not cure this substantive deficiency. As can be seen from the excerpts above, the factual allegations of discrimination in the complaint are plainly delusional. *See, Igarashi v. Skulls & Bones*, 438 F. App'x 58 (2d Cir. Oct. 17, 2011) ("Even a well-pleaded complaint may be dismissed as factually frivolous if the sufficiently well-pleaded facts are clearly baseless—that is, if they are fanciful, fantastic, or delusional.") (quoting *Gallop v. Cheney*, 642 F.3d 364, 368 (2d Cir. 2011)

(internal quotation marks omitted). The Court has already dismissed, at the screening stage, another complaint Plaintiff filed with similar allegations. *See Miller v. City of Rochester*, No. 17-CV-6578-CJS (W.D.N.Y. Sept. 20, 2017). Accordingly, leave to replead is denied.

**CONCLUSION**

Defendant's motion, ECF No. 5, is granted, and this action is dismissed with prejudice. The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a), that any appeal from this Order would not be taken in good faith and leave to appeal to the Court of Appeals as a poor person is denied. *Coppedge v. United States*, 369 U.S. 438 (1962). Further requests to proceed on appeal *in forma pauperis* should be directed on motion to the United States Court of Appeals for the Second Circuit in accordance with Rule 24 of the Federal Rules of Appellate Procedure. The Clerk of the Court is directed to terminate this action.

SO ORDERED.

Dated: October 30, 2017
      Rochester, New York

                    */s/ Charles J. Siragusa*
                    CHARLES J. SIRAGUSA
                    United States District Judge